IN THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

SOUTHSHORE HOSPITALITY
MANAGEMENT, LLC d/b/a
SUNSET GRILL AT LITTLE
HARBOR

       a Domestic Corporation,
           Plaintiff,

vs                                                       Case No. _____

INDEPENDENT SPECIALTY
INSURANCE COMPANY, INC.

       a Foreign Corporation,
           Defendant,

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, SOUTHSHORE HOSPITALITY MANAGEMENT, LLC d/b/a SUNSET GRILL AT LITTLE HARBOR by and through its undersigned counsel, and files this, its Complaint against the Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, INC., and alleges:

**JURISDICITON**

1. The matter in controversy exceeds the sum of $30,000.00 exclusive of interest, attorney's fees and costs.

2. Plaintiff, SOUTHSHORE HOSPITALITY MANAGEMENT, LLC d/b/a SUNSET GRILL AT LITTLE HARBOR (hereinafter "Sunset Grill"), was at all times material to the allegations in this Complaint, a corporation organized and existing under the laws of the State of Florida, and engaged in the restaurant business in Ruskin, Hillsborough County, Florida.

3. Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, INC., is a

1

corporation organized and existing under the laws of the State of Texas, having its principal place of business in Bedford, Texas and which is authorized and licensed to do business in the State of Florida as an insurer, and which has an agent in Hillsborough County, Florida, making Hillsborough County a proper venue pursuant to Florida Statute Section 47.051.

## COMMON ALLEGATIONS

4. At all times material to this action, there was in existence a policy of insurance issued by Defendant to Plaintiff, providing coverage to Plaintiff's restaurant location at 602 Bahia Del Sol Dr., Ruskin, FL 33570. A certified copy of the subject policy is attached hereto as **Exhibit "A"** and is incorporated by reference herein.

5. The subject insurance policy provides coverage for, among other things, loss of business income, and spoilage, caused by covered causes of loss, including interruption by Civil Authority, and prohibition of ingress and egress, as more specifically set forth in the policy, as follows:

> **Coverage D – Business Income Coverages**
> This policy is extended to cover Business Income Coverages and Additional Business Income Coverages for the Actual Loss Sustained by you up to the annual limits shown in the Declarations, during the Period of Interruption directly resulting from a Covered Cause of Loss to Covered Property
> \*\*\*
> e.   **Additional Business Income Coverages** will be:
> \*\*\*
> 4) **Ingress and Egress**: This policy is extended to cover the Actual Loss sustained during the Period of Interruption when ingress to or egress from your covered location is prohibited as a direct result of a Covered Cause of Loss to real property not insured. The insured physical loss or damage must occur within five (5) statute miles from your covered location in order for coverage to apply. Such period of time begins on the date that ingress to or egress from real or personal property is prohibited and ends when ingress or egress is no longer prohibited, but no more than the number of days shown on the Sublimits of the Ancillary Coverage and Sublimits Endorsement.
> 5) **Interruption by Civil or Military Authority**: This policy is extended to cover the Actual Loss Sustained during the Period of Interruption when access to your covered location is prohibited by an order of civil or military authority, if, such

order is a direct result of a Covered Cause of Loss to real property not insured. Your physical loss or damage must occur within five (5) statute miles from your covered location for coverage to apply. Such period of time begins with the effective date of the order of civil or military authority and ends when the order expires, but no more than the number of days shown on the Ancillary Coverage and Sublimits Endorsement.

**C.     Additional Coverages**
**30. Spoilage**
This policy is extended to cover Spoilage as a direct result of a Covered Cause of Loss. This policy will pay for sudden and accidental direct physical loss or damage to:
a. Perishable Goods due to Spoilage;

6. On or about March 27, 2020 Hillsborough County issued a Civil Authority Order suspending on-premises food consumption for customers, all of which is more particularly described in the copy of said Order attached hereto as **Exhibit "B."**. Additionally, Florida Governor Ron DeSantis issued Executive Order Number 20-71, a Civil Authority also suspending on-premises food consumption, which is attached as **Exhibit "C**. These orders, and potentially others, caused the Plaintiff to shut down and/or restrict business in accordance with such orders, which resulted in a loss of business income and food spoilage.

7. To the best of Plaintiff's information and belief, businesses within 5 miles of the insured location were shut down due to the Hillsborough County and Governor's Orders.

8. Within 1 mile of Sunset Grill the following businesses were shut down in whole or in part – Harborside Suites, 536 Bahia Beach Blvd., Ruskin, FL; Hooks Waterfront Bar and Grill, 611 Destiny Dr., Ruskin, FL; The Fish House, 1902 W Shell Point Rd., Ruskin, FL; South Shore Water Sports, 602 Bahia Del Sol Ruskin, FL. This list may not be exhaustive.

9. Plaintiff further alleges that the Civil Authorities referenced above were issued in response to the state of emergency related to Covid-19, and the threat to public health as more specifically described in the orders.

## COUNT I – BREACH OF CONTRACT

10. Plaintiff re-alleges and incorporates allegations one (1) through nine (9) above.

11. Plaintiff suffered a loss of business income caused by the above mentioned action of civil authority that prohibited access to properties near Plaintiff's property, and also cut off ingress and egress, because access to the properties were prohibited by order of civil authority. This also resulted in spoilage, also covered as a result of these causes of loss.

12. Under the terms and conditions of the subject policy, Defendant is obligated to pay Plaintiff's actual loss of business income and spoilage caused by the action of civil authorities and/or when ingress and egress are prohibited, pursuant to the terms and conditions of the subject policy.

13. Plaintiff submitted a claim for loss of business income and spoilage losses caused by the above referenced causes of loss to the Defendant.

14. By letter dated October 11, 2020 Defendant denied coverage for the subject claim. This denial letter is attached as **Exhibit "D"**.

15. Because of Defendant's failure to pay Plaintiff's claim, Defendant has materially breached the terms and conditions of the subject policy.

16. As a result of the breach, Plaintiff has suffered damages in the form of loss business income and spoilage, which Plaintiff alleges is covered under the subject policy of insurance.

17. All conditions precedent to recover under the subject policy have been performed by the Plaintiff or waived by the Defendant.

18. Because of Defendant's breach of the subject insurance policy, Plaintiff has had to retain the services of the undersigned attorneys and have agreed to pay the undersigned

attorneys a reasonable fee.

WHEREFORE, Plaintiff, SOUTHSHORE HOSPITALITY MANAGEMENT, LLC d/b/a SUNSET GRILL AT LITTLE HARBOR, demands judgment for damages, together with interest, costs and reasonable attorneys fees, pursuant to Section 627.428 Florida Statutes, together with such other and further relief which this Court may deem proper and just; and demands trial by jury on all issued so triable.

## COUNT II – DECLARATORY JUDGEMENT

19. Plaintiff re-alleges and incorporates allegations one (1) through nine (9) above.

20. This is an action for Declaratory Judgment to determine liability under the subject insurance policy pursuant to Chapter 86, Florida Statutes.

21. Plaintiff contends that the subject claim for business interruption and spoilage is a covered cause of loss because the orders of civil authority prevented access to, full operation of, and cut of ingress and egress to Plaintiff's property, and properties within 5 miles of Plaintiff's property.

22. Defendant denied Plaintiff's claim, alleging that the subject policy did not provide coverage for multiple reasons. These are addressed individually below.

### A. Direct Physical Loss or Damage

23. Defendant's first basis for denial was that "there has not been a direct physical loss of or damage to covered property to trigger coverage under the policy," and specifically that the lack of presence of corona virus at the insured premises meant there was no direct physical damage.

24. The subject policy under the civil authority and ingress and egress covered causes of loss sections provide as follows:

**Coverage D – Business Income Coverages**
This policy is extended to cover Business Income Coverages and Additional Business Income Coverages for the Actual Loss Sustained by you up to the annual limits shown in the Declarations, during the Period of Interruption directly resulting from a Covered Cause of Loss to Covered Property
\*\*\*

e.  **Additional Business Income Coverages** will be:
\*\*\*

**4) Ingress and Egress**: This policy is extended to cover the Actual Loss sustained during the Period of Interruption when ingress to or egress from your covered location is prohibited as a direct result of a Covered Cause of Loss to real property not insured. The insured physical loss or damage must occur within five (5) statute miles from your covered location in order for coverage to apply. Such period of time begins on the date that ingress to or egress from real or personal property is prohibited and ends when ingress or egress is no longer prohibited, but no more than the number of days shown on the Sublimits of the Ancillary Coverage and Sublimits Endorsement.

**5) Interruption by Civil or Military Authority**: This policy is extended to cover the Actual Loss Sustained during the Period of Interruption when access to your covered location is prohibited by an order of civil or military authority, if, such order is a direct result of a Covered Cause of Loss to real property not insured. Your physical loss or damage must occur within five (5) statute miles from your covered location for coverage to apply. Such period of time begins with the effective date of the order of civil or military authority and ends when the order expires, but no more than the number of days shown on the Ancillary Coverage and Sublimits Endorsement.

25.  Plaintiff alleges that the civil authority coverage only requires direct physical loss or damage to premises near Plaintiff's property by stating "your physical loss or damage must occur within five (5) statute miles from your covered lactation for coverage to apply." This clause does not require direct physical damage to the insured premises, but rather, only damage to premises within five miles of the insured location. Plaintiff would also contend that the civil authority in this matter also cut off ingress and egress, which did affect the insured premises as well.

26.  The above quoted policy provision also illustrates that coverage is not limited to physical loss, but also includes "damage." A reasonable interpretation of the policy therefore is

6

that if property near the insured location suffers damage (not limited to direct physical loss), and a civil authority prevents access to that property, there would be coverage to the insured for business interruption losses arising therefrom.

27. Plaintiff contends that Defendant has erroneously construed the subject insurance policy to require only direct physical loss to the insured location, rather than either physical loss or damage as outlined in the policy. Plaintiff alleges it is entitled to recover damages for business interruption due to civil authority because other businesses were likewise shut down due to action of civil authority causing damage to businesses, and prohibited ingress and egress.

### B. Civil Authorities

28. Defendant's next basis for denial were the orders of Civil Authorities.

29. Defendant claims there has been no action of civil authority prohibiting access to the insured premises.

30. Plaintiff in this matter alleges that Hillsborough County Executive "Safer-At-Home Order" and Florida Governor Ron DeSantis' Executive Order 20-71 are proper civil authorities.

31. Damage to the insured property, and damage to properties within five miles of the insured property occurred when access to both were prohibited by these civil authorities.

32. Within the Hillsborough Safer-At-Home Order, restaurants and/or catering companies were not among the list of "essential individuals, businesses and services" exempt from the order, and thus restaurants were forced shut, including Plaintiff's restaurant. While limited services may have been available, access to traditional dining and other functions were entirely restricted.

33. Governor DeSantis' Order specifically addressed Restaurants and Bars, stating "I

hereby order all restaurants and food establishments… to suspend on-premises food consumption for customers."

34. Since this is an all risks policy, and this particular type of loss is not excluded, this would be a covered cause of loss. This covered cause of loss clearly caused damage, by shutting down the Plaintiff's location, and businesses within five miles of the insured location.

35. Plaintiff contends therefore that Defendant has erroneously mischaracterized and understood the civil authority language in this matter, and that Plaintiff is entitled to recover.

### C. Virus or Bacteria Exclusion

36. Defendant's next basis for denial was that the policy's virus exclusion applies.

37. The exclusion provides as follows:

> **24. Loss Due to Virus or Bacteria Exclusion**
> a. The exclusion set forth in subparagraph b. below, applies to all coverage under all forms and endorsements that comprise this policy, including but not limited to forms or endorsements that comprise this policy, including but not limited to forms or endorsements that cover property damage to building(s) or personal property and forms or endorsements relating to Business Income Coverages.
> b. Loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease is excluded.

38. Plaintiff alleges that this is the standard Insurance Services Office, Inc. (ISO) language which has been incorporated into Defendant's policy. Pursuant to ISO themselves, this endorsement was only meant to exclude the cost of damages to either the insured location or the insured's products when a virus specifically infected the insured locations. See the attached ISO circular regarding this endorsement attached hereto as **Exhibit "E"**. Because there is no allegation that the insured properties were specifically infected with the covid-19 virus, this particular exclusion does not apply.

8

39. The above quoted policy exclusion is ambiguous and unclear as to what is excluded and should be considered as only excluding costs when a virus or bacteria affects the interior of the insured property or affects the product of the insured. A reasonable interpretation would be that this exclusion does not exclude orders by civil authority regarding covid-19 because covid-19 did not actually affect the interior of the insured locations and therefore the exclusion would not apply.

40. Plaintiff contends that Defendant has erroneously construed the subject insurance policy and that Plaintiff is entitled to recover damages for business interruption due to civil authority.

41. Plaintiff is in doubt of its rights and obligations under the subject policy as to whether Defendant is required to pay the business interruption claim under the terms and conditions of the subject policy.

42. An actual controversy of a justiciable nature as to whether Plaintiff is entitled to recover business interruption damages under the subject policy exists between Plaintiff and Defendant involving the rights and liabilities of Plaintiff and Defendant under the policy of insurance attached hereto and Plaintiff is in doubt as to its rights under the subject policy.

43. The controversy existing between Plaintiff and Defendant may be determined by a judgment of this Honorable Court without the necessity of other law suits.

44. Plaintiff has no other adequate remedy of law.

45. Because of Defendant's wrongful denial of Plaintiff's claim, Defendant has materially breached the terms and conditions of the subject policy.

46. All conditions precedent to recovery under the subject policy have been performed by Plaintiff and their agent or waived by Defendant.

47. Because of Defendant's breach of the subject insurance policy, Plaintiff has had to retain the services of the undersigned attorneys and greed to pay the undersigned attorneys a reasonable fee.

WHEREFORE, Plaintiff, SOUTHSHORE HOSPITALITY MANAGEMENT, LLC d/b/a SUNSET GRILL AT LITTLE HARBOR, demands judgment declaring that Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, INC., is required to pay Plaintiff the damages resulting from the above business interruption claim and that judgment be entered for Plaintiff's damages, together with interest, costs and reasonable attorneys fees pursuant to Section 627.428, Florida Statutes, together with any such other and further relief which this Honorable Court deems proper and demands trial by jury on all issues so triable.

Dated this 22nd day of February, 2021

/s/ *Ronald S. Haynes*
**RONALD S. HAYNES, ESQ.**
CHRISTOPHER LIGORI & ASSOCIATES
117 S. Willow Ave.
Tampa, FL 33606
(813) 223-2929: Telephone
(813) 251-6853: Facsimile
FLORIDA BAR # 153052
Co-Counsel for Plaintiff
Service Email: Pleadings@Ligorilaw.com

/s/ *James Magazine*
**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. 0847232
LUCAS & MAGAZINE, PLLC
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Primary Email:
lucasmagazine@lucasmagazine.com
Co-Counsel for Plaintiff